1
2
3
4
5
6
7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVE R. PERRY,

11          Plaintiff,                No. CIV S-10-0425 DAD P

12   vs.

13   SACRAMENTO COUNTY SUPERIOR
     COURT, et al.,                   ORDER AND
14
            Defendants.               FINDINGS & RECOMMENDATIONS
15
     _____/
16

17          Plaintiff has filed a civil rights action pursuant to 42 U.S.C. § 1983.  In his

18   complaint, plaintiff alleges that he is being held in "illegal Public Guardianship" at the Napa

19   State Hospital.  (Compl., Court Doc. No. 1 at 3.)  Plaintiff names as defendants in this action,

20   "Department 144" of the Sacramento County Superior Court and "3rd Appellate District."  (Id. at

21   2.)  As relief, plaintiff seeks the termination of his public guardianship.

22          The Civil Rights Act under which this action was filed provides as follows:

23          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
24          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
25          law, suit in equity, or other proper proceeding for redress.

26   /////

                                        1

42 U.S.C. § 1983.  Plaintiff has failed to name a proper defendant in this action.  In addition, a civil rights action is not an appropriate means to challenge plaintiff's guardianship or to seek termination of that guardianship.  The procedures and standards for guardianship and conservatorship are governed by state law.  Plaintiff has not alleged a violation of his federal constitutional rights and 42 U.S.C. § 1983 does not provide redress in federal court for violations of state law.  See Schlette v. Burdick, 633 F.2d 920, 923 n.3 (9th Cir. 1980) (challenging conservators' failure to investigate available alternatives to conservatorship may provide a basis for collateral attack in state court but does not provide a cause of action under § 1983); see also Tibbetts v. Dist. Court Family Div., No. 2:08-cv-01593-RCJ-PAL, 2009 WL 580317 at *2 (D. Nev. March 5, 2009) (holding that action against guardianship commissioner for manner in which state court case was handled fails to state a § 1983 claim for which relief can be granted).

The undersigned has carefully considered whether plaintiff may amend his complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) ("Futility of amendment can, by itself, justify the denial of leave to amend."); Lopez v. Smith,  203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").  Granting plaintiff leave to amend would clearly be futile in this instance given the nature of plaintiff's complaint and the defects noted above.  Therefore, the court will recommend that this action be dismissed with prejudice for failure to state a cognizable claim.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign this case to a District Judge.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a cognizable claim.

/////

1      These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

3  one days after being served with these findings and recommendations, plaintiff may file written

4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

7  F.2d 1153 (9th Cir. 1991).

8  DATED: September 20, 2010.

9

10                                                   _____

11                                                   DALE A. DROZD
                                                     UNITED STATES MAGISTRATE JUDGE

12  DAD:4
   perr0425.56

13

14

15

16

17

18

19

20

21

22

23

24

25

26